Acheson, D. J.
There was due the landlord at the date of his petition arrears of rent amounting to $1,000; but it is admitted that since the present application was made the assignee has paid the landlord the amount, viz., $698, realized from the sale of the personal property belonging to the bankrupt which was upon the demised premises at the date of the bankruptcy. But the landlord claims the further sum of $119 now in the assignee’s hands.
The bankrupt was an auctioneer, and carried on his business on the demised premises. At the time of his bankruptcy there were upon the demised premises, for sale by the bankrupt as auctioneer, a piano, upon which he had advanced to the owner $18, and some other personal chattels, upon which he had advanced freight to the amount of $71. These sums have been paid to the assignee. The landlord claims this money. But upon what principle ? If he has a valid claim thereto it must be on the ground that these goods were distrainable for arrears of rent. But it is settled law that the goods of third persons upon the premises of an auctioneer, for sale, are privileged from distress for rent. Did the fact that the tenant here had made advances upon the goods subject them to distress? I think not. The tenant, at most, had a mere lien. The entire title remained in the owners of the goods
It may well be assumed that the owners of the goods selected the bankrupt as their auctioneer on account of his *851 supposed personal fitness in that department of "business. At any rate, he was employed by them to sell their goods at his auction stand, in the conree of his business. This was the sole purpose of the bailment. But this purpose was liable to be frustrated if the landlord acquired the right to dis-train by reason of the auctioneer’s advances; for the right of distress involves the right to take the goods out of the hands of the tenant, and to remove them from the demised premises, and, after appraisement, to sell them. Such proceeding would be wholly inconsistent with the nature of the bailment in this case, and in violation of the rights of the owners of the goods, and this whether such sale passed to the purchaser the entire title to the goods, or an interest therein commensurate with the advances.
And now, to-wit, June 11, 1880, it appearing to the court that the assignee has paid to the landlord the net amount realized from the sale of the goods belonging to the bankrupt which were upon the demised premises at the time of the bankruptcy, further relief under the prayer of the landlord’s petition is denied by the court.